WILLIAM R. TAMAYO, State Bar No. 084965 (CA)
JONATHAN T. PECK, State Bar No. 12303 (VA)
SANYA P. HILL MAXION, State Bar No. 18739 (WA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105-1260
Tel: 415.625.5650
Fax: 415.625.5657
E-Mail:  Sanya.Hill@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONA P. LAYTON, State Bar No. 121238 (CA)
SIMS & LAYTON
84 W. Santa Clara St., #660
San Jose, CA  95113
Tel:  408.998.3400
Fax:  408.297.1104
E-Mail:  RLayton@SimsandLayton.com

Attorneys for Defendant
JOHN LIM, d/b/a DRAIN DOCTOR PLUMBING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN LIM, d/b/a DRAIN DOCTOR PLUMBING,<br><br>    Defendant. | Case No. C 07 04086-PVT<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT**<br><br>CMC Date: November 13, 2007<br>Room:      Courtroom 4<br>Time:       2:00 p.m.<br>Judge:     Hon. Patricia V. Trumbull<br><br>Date of Filing:     August 9, 2007 |

The parties, Plaintiff Equal Employment Opportunity Commission ("EEOC" and/or "Plaintiff") and Defendant John Lim, d/b/a Drain Doctor Plumbing ("Drain Doctor" or "Defendant"), by and through their undersigned counsel, jointly submit this Joint Case Management Statement and Rule 26(f) Report in anticipation of the case management conference scheduled for November 13, 2007, at 2:00 p.m., in Courtroom 4 before the Honorable Patricia V. Trumbull.

**I.    JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over all of Plaintiff's claims.  The Court has jurisdiction over Plaintiff's sex discrimination claim based on federal question pursuant to 28 U.S.C. § 451.  All parties have been served and are subject to the Court's jurisdiction.  Defendant has not brought any counterclaims in this action.

**II.    FACTS**

    **A.    A Brief Description Of The Events Underlying The Action**

The EEOC filed the instant lawsuit on August 9, 2007 alleging sex discrimination (pregnancy)_.

        **1.    Plaintiff's Description Of The Case**

The EEOC filed this action pursuant to the Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991 and the Pregnancy Discrimination Act to correct purportedly unlawful employment practices on the basis of age and to provide appropriate relief, if any, to Ms. Maryanne Miranda who was adversely affected by such practices.  Plaintiff EEOC alleges that Defendant fired Ms. Miranda, a dispatcher, only a few days after her hire, after the general manager discovered that she was pregnant.

        **2.    Defendant's Description Of The Case**

Ms. Miranda was hired to be a night shift customer service representative.  She was terminated when she (1) would not answer the phone and (2) was too afraid to work at night, and wanted a day shift.  She was given a copy of the "script" customer service representatives use to talk to callers, and was told she was free to come back to work when she felt more comfortable.  She was replaced by a woman who was pregnant.

**III.    LEGAL ISSUES**

    1.    Whether Defendant engaged in unlawful employment practices in violation of Title VII by terminating Maryanne Miranda.

    2.    Whether the Maryanne Miranda suffered emotional distress or pain and suffering as a result of the acts alleged in the Complaint;

3. Whether the Maryanne Miranda suffered any economic loss because of the acts alleged in the Complaint;

4. Whether Defendant acted with malice or in reckless disregard for the federally protected rights of Maryanne Miranda; and,

5. Whether Defendant's actions (if any) were willful.

6. Whether Maryanne Miranda mitigated her damages, if any.

## IV. MOTIONS

### A. Prior And Pending Motions

There are no prior or pending motions in this action.

### B. Plaintiff's Anticipated Motions

Plaintiff anticipates bringing a motion for summary judgment.

### C. Defendant's Anticipated Motions

Defendant anticipates bringing a motion for summary judgment.

## V. AMENDMENT OF PLEADINGS

At this time the parties do not anticipate amending the pleadings.  However, the parties reserve the right to do so at a future date if it becomes necessary as a result of discovery.

## VI. EVIDENCE PRESERVATION

### A. Plaintiff's Actions

Plaintiff has preserved the EEOC's administrative file.

### B. Defendant's Actions

Defendant has preserved all documents relating to Maryanne Miranda.

## VII. DISCLOSURES

Both parties agree to make the requisite initial disclosures under Federal Rule of Civil Procedure 26 on or before November 6, 2007.

////

////

## VIII. DISCOVERY

### A. Plaintiff's Discovery

Plaintiff has not yet begun discovery in this action. Plaintiff intends to pursue the following methods of discovery: interrogatories, document requests, requests for admissions, and depositions. Plaintiff has not yet determined which individuals it will depose. Plaintiff will also seek a Rule 34 inspection of premises.

### B. Defendant's Discovery

Defendant has not yet begun discovery in this action. Defendant intends to depose Maryanne Miranda and to serve Plaintiff with a document demand for the EEOC file in this case. Defendant may also serve interrogatories and requests for admissions.

### C. Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

**1. Rule 26(f)(1): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made.**

**2. Rule 26(f)(2): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties see no reason to limit/focus discovery on particular issues.

3. **Rule 26(f)(3): Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

**4. Rule 26(f)(4): Any issues relating to claims of privilege or of protection as to trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.**

The parties do not anticipate any issues relating to claims of privilege or of protection as to trial-preparation material. They agree to address any such issues in the event they arise.

    **5.**  **Rule 26(f)(5): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

. The parties do not require any other changes to the limitations on discovery proposed by the Federal Rules or Local Rules at this time.

    **6.**  **Rule 26(f)(6)  Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

The parties do not request any other orders that should be entered by the court under Rule 26(c), Rule 16(b), or Rule 16(c).

## IX. CLASS ACTIONS

This case is not a class action.

## X. RELATED CASES

There are no related cases.

## XI. RELIEF

### A. Plaintiff's Position

Plaintiff will seek any and all relief available under Title VII, including but not limited to back pay with interest, pecuniary and non-pecuniary compensatory damages, punitive damages and injunctive relief.

### B. Defendant's Position

Defendant is a small business being forced to defend itself against the EEOC in a frivolous case. Defendant will seek its attorney's fees and costs.

## XII. SETTLEMENT AND ADR

The parties engaged in the conciliation process at the conclusion of the EEOC's administrative investigation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Both parties consent to have the action handled by the Magistrate Judge for all purposes.

## XIV. OTHER REFERENCES

The parties are aware of no other references needed at this time.

## XV. NARROWING OF ISSUES

At this time, there are no dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

## XVI. EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

The parties agree to the following proposed schedule:

Defendant requests the following schedule:

(a)   Non-Expert Discovery to be completed by July 11, 2008.

(b)   Dispositive Motions to be heard by September 19, 2008.

(c)   Expert Discovery to be completed by August 11, 2008.

(d)   Pretrial Conference to be conducted on November 17, 2008.

(e)   Trial requested for December 8, 2008.

## XVIII. TRIAL

The parties estimate a 7-10 day jury trial.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

### A. Plaintiff's Disclosure

Plaintiff knows of no other interested entities or persons relating to this action. Should such information surface during the discovery process, Plaintiff will inform the Court.

### B. Defendant's Disclosure

Defendant has filed its Certification of Interest Entities or Persons, stating that no such interest exists.

////

////

## XX.  OTHER MATTERS

The parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated: November 6, 2007 U.S. EQUAL OPPORTUNITY COMMISSION

BY_____/s/_____
    WILLIAM R. TAMAYO
    JONATHAN T. PECK
    SANYA P. HILL MAXION

ATTORNEYS FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Dated: November 6, 2007 SIMS & LAYTON

BY_____/s/_____
    RONA P. LAYTON
    Attorneys for Defendant
    JOHN LIM d/b/a DRAIN DOCTOR PLUMBING